Requestor: Robert M. Place, Esq., Town Attorney Town of Perinton 1350 Turk Hill Road Fairport, N Y 14450
Written by: James D. Cole, Assistant Attorney General in Charge of Opinions
You have asked whether a town may close off one of its through streets in the middle in order to promote safety in light of the current heavy vehicle use of the street. You have indicated that all of the residents of the street will have an entrance and exit available in the event that the road is closed in the middle.
In People v Grant, 306 N.Y. 258 (1954), the Court of Appeals stated:
 "Streets pertain to the exercise of a governmental function [citations omitted]. Political subdivisions and municipal corporations hold the fee of streets for the benefit of the public. This refers not alone to adjacent property owners, nor to the inhabitants of the particular subdivision or municipality, but to the whole people [citations omitted]. It signifies that streets are subject exclusively to regulation and control by the State as sovereign, except to the extent that the Legislature delegates power over them to political subdivisions and municipal corporations. . . .
 "Bearing in mind the principle above mentioned, that political subdivisions and municipal corporations hold the fee of streets for the benefit of the whole people, it follows that residents of a particular area in a town or village do not possess and cannot be granted proprietary rights to the use of the highways therein, in priority to or exclusive of use by the general public."
Id., 306 N Y at pp 260, 262.
Based upon these principles, we have concluded that a municipality may not place a gate across a public highway in order to restrict its use to town officials and employees and to owners of property along the highway or close off a portion of a street as a means of dealing with congestion. 1980 Op Atty Gen (Inf) 203; 1987 Op Atty Gen (Inf) 149.
The Vehicle and Traffic Law has authorized towns to regulate traffic, for example, through the establishment of truck routes; the designation of highways for one-way traffic; the exclusion of trucks, commercial vehicles, tractors, etc., from specific highways in the town; and the prohibition or restriction upon the stopping, standing or parking of vehicles. Vehicle and Traffic Law § 1660(a)(10), (16), (17), (18). There is no authorization, however, for the closing off of a portion of a street.
In a prior opinion, we stated the conditions as set forth in the Highway Law under which public highways or portions of public highways may be closed. There are provisions dealing with closing of roads because of uselessness; abandonment of roads; discontinuing the terminus of highways; dealing with highways through forest lands; and construction of an alternate route. Highway Law §§ 171, 205, 207, 211-a, 212-a. You have indicated that the proposed closing does not fall within sections 171, 205 and 207 nor would it fall within sections 211-a or 212-a.
You have cited Aero Drive-In, Inc. v Town of Cheektowaga, 140 A.D.2d 932
(4th Dept), lv denied, 72 N.Y.2d 809 (1988), in which the court upheld the authority of a town to place metal barriers on highways, which had provided additional access to plaintiff's parking lot, in order to safeguard the residents of the barricaded streets. The court found that this was a "legitimate basis for the exercise of power to regulate the use of highways". It appears from the cases cited in Aero that the court viewed the town's actions as a legitimate regulation of traffic, not the closing of a road.
We conclude that in the absence of specific statutory authority a municipality may not close off one of its streets.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.